IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LYNDELL W. EWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   20-cv-202-RJD |
| ) | |
| UMWA 1974 PENSION TRUST, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

This action was removed to this Court on February 21, 2020. In its notice of removal, Defendant UMWA 1974 Pension Trust explains removal is appropriate because Plaintiff is claiming his pension benefits were improperly reduced and an action to recover benefits due under an employee benefit plan is authorized by Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).

Now before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 5). Plaintiff filed a response (Doc. 15), to which Defendant replied (Doc. 19). For the reasons set forth below, the Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

**Relevant Background**

As alleged in Plaintiff's complaint, Plaintiff is a retired mine worker and Defendant administers payments to Plaintiff under his pension. Plaintiff contends he contacted Defendant prior to taking a job in another industry, to inquire if doing so would have an effect on Plaintiff's pension. According to Plaintiff, he was advised by Defendant that his employment was permissible and would have no effect on his pension. Subsequently, Defendant notified Plaintiff

that due to his employment, his pension benefits should have been reduced, would be reduced going forward, and that Plaintiff owed Defendant a refund for overpaid benefits. Plaintiff asks that the Court enter an order declaring: (1) his pension is not affected and cannot be reduced on account of his current job; (2) Plaintiff owes Defendant, or any of the funds it administers, no money, and (3) Defendant is permanently enjoined from reducing, either directly, or through third parties, Plaintiff's pension, on account of Plaintiff's current job, plus costs and attorney fees.

In its motion to dismiss, Defendant explains that by letter dated June 25, 2019, Plaintiff was notified that his pension benefits were suspended due to his work in the coal industry (*see* Doc. 6-2)[1]. The June 25th letter described that pension payments under the 1974 Pension Plan are suspended during any month that a pensioner works in the coal industry. The letter also referenced Plaintiff's right to appeal the decision within 90 days, and enclosed a pamphlet describing the relevant appeal procedures. Defendant asserts that despite being notified of the 1974 Pension Plan's appeal procedures, Plaintiff failed to engage in the same, and as a result, Defendant contends Plaintiff did not exhaust his administrative remedies.

Also in its motion to dismiss, Defendant argues Plaintiff failed to state any legal causes of action in his Complaint, as required under Federal Rule of Civil Procedure 8(a). Defendant further argues that any theoretical causes of action appear to be pled under state law, and any state law causes of action potentially alleged by Plaintiff are preempted by ERISA and should be dismissed. In response, Plaintiff asserts he has appropriately pled a state law claim of promissory estoppel that is not preempted by ERISA. Plaintiff also asserts he was under no obligation to

---

[1] It is well settled that "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on a motion to dismiss." *188 LLC v. Trinity Industries, Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (quoting *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)). Because the June 25, 2019 letter was both referred to in Plaintiff's complaint and central to his claim, the Court will consider it at this stage of the proceedings.

comply with Defendant's purported administrative remedies prior to filing this lawsuit.

## Discussion

In considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint and draws all possible inferences in favor of the plaintiff. *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quotations omitted). A plaintiff need not set out all relevant facts or recite the law in his or her complaint; however, the plaintiff must provide a short and plain statement that shows that he or she is entitled to relief. *See* FED. R. CIV. P. 8(a)(2). Thus, a complaint will not be dismissed if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Indeed, a motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency, not the merits, of the complaint. *Autry v. N.W. Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998).

As a preliminary matter, the Court finds Plaintiff's complaint meets the pleading requirements pursuant to Federal Rule of Civil Procedure 8(a) — that a pleading contain a short and plain statement showing that the pleader is entitled to relief. Indeed, the Seventh Circuit has articulated that "[a]ll that's required to state a claim in a complaint filed in federal court is a short statement, in plain (that is, ordinary, nonlegalistic) English, of the legal claim. *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). In *Kirksey*, the Seventh Circuit agreed with the plaintiff that she need not specifically characterize or identify the legal basis of the claims in her complaint; however, the Court warned that even though a complaint may comply with Rule 8, it is not immune to a motion to dismiss. *Id.* Here, Plaintiff has met the basic requirements of Rule 8(a). Indeed, Plaintiff has pled that Defendant administers his retirement pension, that he inquired of Defendant, prior to taking a job, whether it would affect his pension,

and, upon being advised the job would not affect Plaintiff's pension, he took the job. Plaintiff further pleads that Defendant subsequently notified Plaintiff that due to his employment, his pension benefits should have been reduced, would be reduced going forward, and advised Plaintiff he owed Defendant a refund for overpaid benefits. These allegations are sufficient to satisfy the required notice pleading. *See Auto Driveaway Franchise Systems, LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670, 675 ("federal courts require notice pleading, not fact pleading complete with all the minutiae. A complaint need only provide notice of a plausible claim; there is no rule requiring parties to plead legal theories or elements of a case.").

Next, the Court must determine whether Defendant is correct that Plaintiff's promissory estoppel claim is preempted by ERISA. Defendant contends Plaintiff's promissory estoppel claim is subject to preemption under 29 U.S.C. § 1144(a). This statute provides:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

Defendant argues Plaintiff's claim of promissory estoppel, as well as any other potential state causes of action, require "reference to" and is brought in "connection with" the 1974 Pension Plan. As such, Defendants contend any potential claims are preempted by ERISA as they relate to the Pension Plan and are therefore subject to dismissal.

In considering Defendant's argument, the Court first considers Defendant's removal of this action and what effect, if any, it has on Plaintiff's claim.

ERISA § 502(a) authorizes a plan participant or beneficiary "to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." In determining whether a claim is within the scope

of § 502(a), three factors are examined: "(1) whether the plaintiff is eligible to bring a claim under that section; (2) whether the plaintiff's cause of action falls within the scope of an ERISA provision that the plaintiff can enforce via § 502(a), and (3) whether the plaintiff's state law claim cannot be resolved without an interpretation of the contract governed by federal law." *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996) (internal quotation marks and citations omitted). A plaintiff's eligibility under § 502(a) is a prerequisite to a finding of complete preemption. *Rice*, 65 F.3d at 641. Moreover, in addition to satisfying the first element, *either* the second or third element must be satisfied for complete preemption to occur. *See id.* at 641-43 (wherein the Seventh Circuit held that a state law claim neither arising under § 502(a) nor alleging a breach of an ERISA plan may, nonetheless, be completely preempted if the claim requires a court to construe an ERISA plan).

Here, Plaintiff is clearly eligible to bring a claim under ERISA § 502(a). The Court also finds that Plaintiff's claim of promissory estoppel falls within the scope of ERISA § 502(a) and its other relevant sections. Indeed, this action is essentially an action for benefits that may be maintained via § 502(a)(1)(B). *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004) ("if an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls within the scope of ERISA § 502(a)(1)(B).") (internal citations and quotations omitted)). *See also Werner v. Group Health Plan, Inc.*, No. 09-cv-891-JPG, 2010 WL 1640437 (April 20, 2010 S.D. Ill.). Although such findings are sufficient to completely preempt Plaintiff's state law promissory estoppel claim, it bears mentioning that the complaint also meets the third *Jass* factor insofar as resolution of Plaintiff's claim will necessarily involve interpretation of the

pension plan. Despite Plaintiff's arguments to the contrary, the terms of the pension, including provisions relating to the suspension of benefits, will necessarily be implicated in evaluating Plaintiff's claim. Accordingly, the Court finds Plaintiff's claim is subject to complete preemption and removal was appropriate. As a final note, the Court remarks that Plaintiff's reliance on *Franciscan Skemp Healthcare, Inc. v. Central States Joint Bd. Health and Welfare Trust Fund*, 538 F.3d 594 (7th Cir. 2008) to demonstrate that this action is not preempted, is misplaced. In *Franciscan Skemp*, the plaintiff was a healthcare provider, not a beneficiary or assignee to a benefit plan, unlike Plaintiff here. 538 F.3d 594 (7th Cir. 2008). As such, a different set of legal principles applies to this action.

In this case, the recharacterization of Plaintiff's claim of promissory estoppel as arising under ERISA necessarily limits the manner in which Plaintiff can pursue relief to those remedies provided under ERISA. *See Jass*, 88 F.3d at 1491-83; *see also Lister v. Stark*, 890 F.2d 941, 946 (7th Cir. 1989) ("The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA."). Accordingly, the Court must determine whether ERISA provides relief for common law promissory estoppel claims and, if so, whether Plaintiff has stated sufficient factual allegations to raise his right to relief above the speculative level.

This Circuit has recognized estoppel as a common law claim under ERISA. *Trustmark Life Ins. Co. v. Univ. of Chicago Hospitals*, 207 F.3d 876, 882 (7th Cir. 2000); *see also Coker v. Trans World Airlines*, 165 F.3d 579, 585 (7th Cir. 1999). There are four elements necessary to support a claim for estoppel under ERISA: "(1) a knowing misrepresentation; (2) made in writing; (3) with reasonable reliance on that misrepresentation by the plaintiff; (4) to [his] detriment." *Id.*

Here, Plaintiff has not raised his right to relief under ERISA above the speculative level. First, Plaintiff has not alleged or argued that Defendant made a *knowing* misrepresentation. Rather, Plaintiff merely alleges Defendant advised Plaintiff that his taking another job would not have an effect on his pension, and that such information was later found to be incorrect. As such, Plaintiff's allegations amount to no more than negligent misrepresentation. Second, Plaintiff has not alleged that Defendant's misrepresentation was in writing. Although Plaintiff does not specify the medium by which the alleged misrepresentation was made, the Seventh Circuit is clear that a claim for estoppel under ERISA can only be supported with an allegation that a knowing misrepresentation was made *in writing*.

Failure to allege facts in satisfaction of the first two ERISA estoppel elements ends the Court's inquiry because "[a] claim will *not* lie for every false statement reasonably and detrimentally relied upon by an unwitting plaintiff." *Coker*, 165 F.3d at 585 (emphasis in original). Because Plaintiff has not raised his right to relief under ERISA for his claim of promissory estoppel above the speculative level, dismissal of the claim is proper.

Having found Plaintiff's complaint must be dismissed for failure to state a claim, the Court declines to determine whether it is appropriate to impose an exhaustion requirement and, if appropriate, whether Plaintiff exhausted his administrative remedies, as such determination would be better suited for a motion for summary judgment. *See Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996) ("The law of this Circuit remains that the decision to require exhaustion as a prerequisite to bringing a federal lawsuit is a matter within the discretion of the trial court."); *see also Adamczyk v. Lever Bros. Co., Div. of Conopco*, 991 F.Supp. 931, 934 (Nov. 14, 1997 N.D. Ill.) ("As a general rule, an ERISA plaintiff must exhaust all available administrative remedies, but the requirement is relaxed in two instances: when a plaintiff is denied meaningful access to

administrative procedures and when exhaustion would prove futile.").

## Conclusion

Notwithstanding Plaintiff's artful pleading, the complete preemption doctrine requires that his state common law claim for promissory estoppel be recharacterized as arising under ERISA, which provides the Court with original jurisdiction over the case. Once Plaintiff's claim is recharacterized as arising under ERISA, the Court finds Plaintiff has failed to state a claim upon which relief can be granted. For this reason, Defendant's Motion to Dismiss (Doc. 5) is **GRANTED IN PART AND DENIED IN PART** and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. Further, the Court **GRANTS** Plaintiff leave to file a new complaint in this matter that cures the deficiencies noted above. Plaintiff shall have up to and including **July 15, 2020**, to file said complaint. If the amended complaint fails to cure the noted deficiencies, the Court may dismiss this matter with prejudice.

**IT IS SO ORDERED.**

**DATED: June 15, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**