IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LYNDELL W. EWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   20-cv-202-RJD |
| | ) | |
| UMWA 1974 PENSION TRUST, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Lyndell Ewell brings this action alleging his pension benefits were improperly terminated and reduced. More specifically, in his original complaint, Plaintiff alleges he is a retired mine worker and Defendant administers payments to Plaintiff under his pension. Plaintiff contends he contacted Defendant prior to taking a job in another industry, to inquire if doing so would have an effect on Plaintiff's pension. According to Plaintiff, he was advised by Defendant that his employment was permissible and would have no effect on his pension. Subsequently, Defendant notified Plaintiff that due to his employment, his pension benefits should have been reduced, would be reduced going forward, and that Plaintiff owed Defendant a refund for overpaid benefits.

On June 15, 2020, the Court entered an Order dismissing Plaintiff's complaint without prejudice (Doc. 22). In that Order, the Court found that Plaintiff's claim is subject to complete preemption and that removal to this Court was appropriate. Accordingly, Plaintiff's claim was recharacterized as a claim for estoppel arising under ERISA. Plaintiff was granted leave to file a new complaint and cure the pleading deficiencies noted by the Court.

Plaintiff filed a First Amended Complaint on July 14, 2020 (*see* Doc. 23).  In his First Amended Complaint, Plaintiff alleges Defendant knowingly, and not accidentally, advised Plaintiff his taking a job in another industry would have no effect on his pension and that this statement was made to Plaintiff in writing.  Plaintiff further alleges that in reasonable reliance on this statement he took another job with the expectation it would have no effect on his pension benefits.

Defendants filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on July 27, 2020 (Doc. 24), which is now before the Court.  Plaintiff did not file a timely response to this motion.  On October 9, 2020, Plaintiff filed a Motion for Leave to File Second Amended Complaint (Doc. 29).  Defendant has filed a response in opposition to Plaintiff's Motion for Leave to Amend (Doc. 30).  For the reasons set forth below, the Motion to Dismiss is **GRANTED**, and the Motion for Leave to Amend is **DENIED**.

## DEFENDANT'S MOTION TO DISMISS (Doc. 24)

Defendant asserts Plaintiff's First Amended Complaint should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim upon which relief may be granted.  In support of its motion, Defendant first argues that Plaintiff has failed to allege "extreme circumstances" required under the Seventh Circuit's ERISA estoppel doctrine.

Defendant is correct that statements or conduct by individuals implementing an ERISA plan may estop the employer from enforcing a plan's written terms only in "extreme circumstances."  *Pearson v. Voith Paper Rolls, Inc.*, 656 F.3d 504, 509 (7th Cir. 2011).  The Seventh Circuit requires that a plaintiff demonstrating extreme circumstances "must also" show: (1) a knowing misrepresentation; (2) made in writing; (3) reasonable reliance on that misrepresentation by the plaintiff; and (4) that the reliance was to the plaintiff's detriment.  *Id.*

Here, Plaintiff's First Amended Complaint does not set forth allegations to support a finding of "extreme circumstances." Indeed, Plaintiff merely indicates that Defendant "knowingly, and not accidentally" made a misrepresentation. There is no indication of repeated misrepresentations and no indication Defendant acted arbitrarily or capriciously in interpreting the pension plan. *Compare Swaback v. American Information Technologies Corp.*, 103 F.3d 535, 541-42 (7th Cir. 1996) (finding extreme circumstances wherein the defendant deviated from the clear language of the written plan and imposed requirements that were not part of the pension plan and repeatedly informed the plaintiff that he could not elect the lump sum equivalent of his service pension unless he met additional, unenumerated requirements), *with Pearson v. Voith Paper Rolls, Inc.*, 656 F.3d 504, 509-11 (7th Cir. 2011) (finding the plaintiff had not presented extraordinary circumstances in alleging that the plan administrator provided him with incorrect information during severance negotiations that the plaintiff alleged affected said negotiations).

Next, the Court considers Defendant's argument that the complaint should be dismissed because the Seventh Circuit has not recognized an ERISA estoppel claim against a funded plan or a multiemployer plan such as Defendant. In *Black v. TIC Inv. Corp.*, the Seventh Circuit held that "estoppel principles are applicable to claims for benefits under unfunded single-employer welfare benefit plans under ERISA." 900 F.2d 112, 115 (7th Cir. 1990). The Court also stated that it "express[ed] no opinion as to the application of estoppel principles in other situations." *Id.* In its discussion, however, it noted that when estoppel is typically disallowed the pension plan involved is ordinarily a multi-employer plan. *Id.* The Court explained the reasoning for such limitation as follows:

> The reason for reluctance in such cases is the fact that the plan has multiple fiduciaries with control over a common fund. To allow one employer to bind the fund to pay benefits outside the strict terms

> of the Plan would be to make all the employers pay for one employer's misrepresentations, and to the extent that such payments damage the actuarial soundness of the Plan, it hurts all the employees as well.

*Id.* In a subsequent case, *Coker v. Trans World Airlines, Inc.*, the Seventh Circuit remarked that "*Black* expressly limited its holding 'to claims for benefits under unfunded single-employer welfare benefit plans' out of concern that a broader application of estoppel principles might pose a risk to plans that rely on actuarial soundness." 165 F.3d 579, 585 (7th Cir. 1999) (internal citations omitted). More recently, in *Pearson v. Voith Paper Rolls, Inc.*, the Seventh Circuit again remarked that it had not resolved whether an estoppel claim could be raised against a defined benefit, funded pension plan, but declined to reach the issue. 656 F.3d 504, 508-09 (7th Cir. 2011).

Most recently, the Northern District of Illinois refused to recognize such a claim and dismissed a plaintiff's claim for estoppel under ERISA with prejudice finding that the plaintiff had not alleged extreme circumstances and remarking that the Seventh Circuit has not recognized the availability of an ERISA estoppel claim in a situation involving a funded plan or multi-employer plan. *Wildy v. Prudential Ins. Co. of America*, Case No. 18-C-8247, 2019 WL 4014251, *3 (N.D. Ill. Aug. 26, 2019).

In light of the fact that the allegations in the complaint do not allege "extreme circumstances" and the Seventh Circuit has not recognized an ERISA estoppel claim for a funded, multiemployer plan like Defendant, Plaintiff's claim must be dismissed with prejudice under Rule 12(b)(6). Defendant's motion is **GRANTED**.

## PLAINTIFF'S MOTION FOR LEAVE (Doc. 29)

In this motion, Plaintiff asks for leave to file a second amended complaint to bring the

pleadings and relief sought within the realm of current facts.  In support of his motion, Plaintiff explains he is no longer working for the business at issue, which renders much of this request for injunctive relief moot.

First, Plaintiff failed to provide a proposed amended complaint as required by Local Rule 15.1.  Moreover, as set forth above, Plaintiff's complaint is subject to dismissal with prejudice because the Seventh Circuit has not recognized an ERISA estoppel claim concerning a funded, multiemployer plan.   This is an issue that cannot be cured by the filing of an amended complaint.

For these reasons, Plaintiff's Motion for Leave to File Second Amended Complaint is **DENIED**.

Plaintiff's amended complaint is **DISMISSED WITH PREJUDICE**.  The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

**DATED: October 29, 2020**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**